**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROLANDO CHACON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCCARTHY, BURGESS & WOLFF, INC. and DOES 1-10,<br><br>Defendants. | Case No. 18-cv-05631<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, ROLANDO CHACON ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendants, MCCARTHY, BURGESS & WOLFF, INC. ("MBW") and DOES 1-10, inclusive, and each of them, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing, through its agent(s), automated telephone calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent automated telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited automated telephone calls to their cellular telephones.

6. Plaintiff and the members of the proposed Class defined below received automated telephone calls to their cellular telephones, placed by or on behalf of Defendants, which were made without the consent of the recipients of said calls.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Defendant MBW regularly conducts business throughout the Northern District of Illinois.

**PARTIES**

9. Plaintiff is an individual who was at all relevant times residing in the City of Chicago, County of Cook, and State of Illinois.

10. On information and belief, Defendant MBW is a corporation of the State of Ohio, which is licensed to do business in Illinois, and which has its principal place of business in Bedford Heights, Ohio.

11. On information and belief, at all times relevant hereto, Defendant MBW was engaged in the business of attempted collection of alleged debts.

12. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

13. Defendant MBW is a "person" as defined in 47 U.S.C. § 153(39).

14. The true names and capacities of the Defendants sued herein as Does 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

15. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting

within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

16. On or about August 11, 2017, Defendants began placing automated telephone calls to Plaintiff's cellular telephone.

17. When Plaintiff answered Defendants' calls, he experienced a long pause before a live representative would begin speaking, which is indicative of an automatic telephone dialing system.

18. The agent and representative of Defendants with whom Plaintiff spoke on or about August 11, 2017 stated that MBW was attempting to collect a debt from someone named either John Johns, Jason Johns, or a similar name.

19. Plaintiff informed said representative that he did not know anyone by that name and requested that Defendants stop placing telephone calls to Plaintiff's cellular telephone.

20. Despite Plaintiff's request that Defendants cease placing telephone calls to his cellular telephone, Defendants placed more calls to Plaintiff's cellular telephone after such request was made.

21. On or about April 20, 2018, Plaintiff received another automated telephone call from Defendants. Plaintiff spoke with an agent and representative of Defendants a second time and again requested that Defendants stop placing telephone calls to Plaintiff's cellular telephone.

22. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

4

      a.      Invasion of privacy;

      b.      Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

      c.      Wasting Plaintiff's time;

      d.      Risk of personal injury due to interruption and distraction when receiving unwanted calls from Defendants;

      e.      Depletion of Plaintiff's cellular telephone battery; and

      f.      The cost of electricity to recharge Plaintiff's cellular telephone battery.

23. On information and belief, Defendants placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

24. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

25. On information and belief, Defendants routinely use an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of MBW's business.

26. Plaintiff did not give Defendants his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendants to contact him in this manner was terminated and revoked.

27. Defendants' telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

28. Defendants' telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows:

> All persons within the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

30. Plaintiff represents, and is a member of the Class, consisting of all persons in the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

31. Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class and members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32. The Class is so numerous that the individual joinder of all of the members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendants.

33. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

34. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' telephone numbers were called by Defendants using an automatic telephone dialing system and/or an artificial and/or prerecorded voice;

    b. Whether the Class members granted Defendants prior express consent to place such calls to them and/or whether they revoked any such consent; and

    c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*

35. As a resident of the United States who received automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, Plaintiff is asserting claims that are typical of the Class.

36. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

37. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

38. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system

could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

40. Defendants have acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

41. Defendants failed to comply with the requirements of the TCPA, 47 U.S.C. § 227(b), as to the Class members with respect to the above-alleged transactions.

42. The TCPA, 47 U.S.C. § 227(b)(1)(B), provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party"

43. In multiple instances, Defendants placed automated telephone calls to the Class members, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

44. The size and definition of the Class can be identified through Defendants' records, Defendants' agents' records, and other readily available sources.

## COUNT I
## NEGLIGENT VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 44 above as if reiterated herein.

46. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations.

47. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

49. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 48 above as if reiterated herein.

50. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations.

51. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class and appointing Plaintiff as Representative of the Class;

b. An order certifying the undersigned counsel as Class Counsel;

c. An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

ROLANDO CHACON

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com